IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WILLIAM O. SPIVEY, #K-81482, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 10-cv-727-JPG |
| | ) | |
| ROGER WALKER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, an inmate in the Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

1

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds that the complaint is subject to dismissal.

**Facts:**

The following version of the facts of this case are gleaned from Plaintiff's complaint (Doc. 1). Plaintiff complains that the Illinois Department of Corrections rules have not been updated to reflect changes in federal laws and social views concerning human rights and the right to express one's sexual orientation. Specifically, Plaintiff points to the Matthew Shepard Act, which was signed in to law on October 28, 2009 by President Barack Obama.[1] This Act expanded existing hate-crime law to include crimes that were motivated by a victim's actual or perceived sexual orientation, gender, disability, race, or national origin. Because the Illinois Department of Corrections rules have not been updated, Plaintiff alleges that a number of unnamed correctional officers at three different prisons were able to write Plaintiff disciplinary reports for expressing his sexual orientation, either through verbal statements or for wearing his hair in braids, and have harassed Plaintiff for his self-expression. These disciplinary reports have been sent to Defendants Walker, Randle, and the Prison Review Board, who have approved of the disciplinary actions taken against Plaintiff.

Plaintiff wrote a grievance after his religious status was not changed after he made a request for such. This grievance was sent to Defendants Randle and Fairchild, who acquiesced with the prison's denial of Plaintiff's grievance.

---

[1] Plaintiff refers to this law as the "Billy Shepherd law signed by Barack Obama", but makes reference to hate crimes committed against homosexuals, so this Court assumes that Plaintiff is in fact referencing the Matthew Shepard law. *See Matthew Shepard Act* 18 U.S.C. §249 (2009).

**Discussion:**

Plaintiff is of the belief that Defendants Walker, Randle, and Prisoner Review Board are responsible for the actions of the correctional officers who have harassed him based on his sexual orientation. However, under the doctrine of respondeat superior, a defendant must be "personally responsible for the deprivation of a constitutional right." *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). However, a defendant who is in a supervisory capacity may be responsible for the actions of his workers where the constitutional violation occurred with the supervisor's knowledge, consent, or at his direction. *Id.* at 652. Thus, the supervisor need not have participated directly in the deprivation to be liable. *See McPhaul v. Board of Comm'rs of Madison Co.*, 226 F.3d 558, 566 (7th Cir. 2000) (quotation omitted); *Chavez*, 251 F.3d at 651. ("The supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see.")

Plaintiff has not alleged that Defendants Walker, Randle, and Prisoner Review Board knew of or consented to the harassing actions of correctional officers. Instead, Plaintiff alleges that these Defendants signed off on disciplinary reports written against him for expressing himself in ways that were prohibited in prison. While recent federal laws have been enacted making crimes committed against homosexuals because of that status a hate crime, writing a prisoner a grievance for breaking prison rules is not a crime, does not become a hate crime simply because that prisoner is a homosexual. Plaintiff was written disciplinary tickets, and these tickets were upheld by Defendants Walker, Randle, and Prisoner Review Board, because he broke prison rules. Thus, it cannot be said that Defendants Walker, Randle, and Prisoner Review Board have directed or facilitated the commission of hate crimes when they acquiesced to

disciplinary reports written against Plaintiff for breaking prison rules. As a result, these claims against Defendants Walker, Randle, and Prisoner Review Board are dismissed with prejudice.

Plaintiff next alleges that Defendants Randle and Fairchild refused to overturn a grievance he had written that was denied. However, Plaintiff has no constitutional right to have his grievances resolved in his favor. *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (plaintiff's argument that conspiracy by prison officials to deny administrative review of his grievances by dismissing them was frivolous where plaintiff had access to the grievance procedure but he did not obtain the outcome he desired). Plaintiff's grievances were considered, but ultimately dismissed by Defendants Randle and Fairchild as frivolous. Because Plaintiff has not stated a claim against Defendants Randle and Fairchild upon which relief can be granted, this claim against these Defendants is dismissed with prejudice.

**Disposition:**

**IT IS HEREBY ORDERED** that Defendants **WALKER, RANDLE, PRISONER REVIEW BOARD,** and **FAIRCHILD** are **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED**, with prejudice, pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted. This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED**

**DATED: March 7, 2011**

                                            *s/J. Phil Gilbert*
                                            **United States District Judge**